UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW CHAMLIN, individually and on behalf of all others similarly situated,

                  Plaintiff,

-against-

JOHNSON & JOHNSON and MCNEIL NUTRITIONALS, LLC,

                  Defendants.

19cv3852 (AJN) (DF)

**ORDER**

**DEBRA FREEMAN, UNITED STATES MAGISTRATE JUDGE:**

      This putative class action, alleging that Defendants engaged in false and misleading labeling of a food product, in violation of New York law, has been referred to this Court by the Honorable Alison J. Nathan, U.S.D.J., for general pretrial supervision. (Dkt. 40.) Currently before this Court is a motion by defendants Johnson & Johnson and McNeil Nutritionals, LLC ("Defendants") to compel compliance with a subpoena served on non-party Susan Chamlin ("Ms. Chamlin"), the wife of plaintiff Matthew Chamlin ("Plaintiff"). In particular, Defendants seek production of certain of Ms. Chamlin's medical records, on the grounds that those medical records are nonprivileged and relevant to the claims asserted by Plaintiff in this action. Ms. Chamlin, for her part, objects to production of her medical records, based on her assertion that those records are protected by the doctor-patient privilege. This Court having held telephone conferences on Defendants' motion on June 3 and June 4, 2020, with counsel for the parties and for Ms. Chamlin, and having reviewed the letters submitted by the Defendants and by

Ms. Chamlin in support of their respective positions,[1] Defendants' motion is hereby denied, for the reasons set forth below.

In support of their motion, Defendants argue that (1) although Ms. Chamlin would otherwise be entitled to assert the New York doctor-patient privilege over communications with her doctor,[2] the medical records sought should not be found to be privileged in this instance because Plaintiff – Ms. Chamlin's husband – attended Ms. Chamlin's relevant medical appointments with her, thereby vitiating the privilege; and (2) even if Ms. Chamlin's medical records retain privileged status, the privilege has been waived by Plaintiff's deposition testimony that he purchased Defendants' product for the first time only hours after receiving a recommendation for the product from Ms. Chamlin's doctor – testimony that, according to Defendants, has placed those communications "at-issue" in this case.

As to Defendants' first argument, that the presence of Plaintiff at Ms. Chamlin's appointments renders the communications with her physician non-privileged, the Court notes that the presence of a third party is not necessarily fatal to the applicability of the doctor-patient privilege under New York law. Rather, New York courts look to "whether[,] in the light of all the surrounding circumstances, and particularly the occasion for the presence of the third person, the communication was intended to be confidential." *People v. Hartle,* 995 N.Y.S.2d 424, 425

---

[1] These letters, which contain some confidential information, were originally submitted by counsel to Judge Nathan's Chambers, and, when discovery matters were referred to this Court for resolution, counsel also sent copies to my Chambers. This Court then requested that counsel provide redacted copies that could be filed on the Court's public Docket. They have now done so, and this Court will therefore undertake to file the redacted copies on the Docket and the full copies under seal.

[2] Rule 501 of the Federal Rules of Evidence provides that, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." The New York doctor-patient privilege, which has been asserted by Ms. Chamlin, is set forth in Section 4504 of the New York Civil Practice Law and Rules.

(4th Dep't 2014) (citing *People v Decina*, 2 N.Y.2d 133, 145 (1956)). This Court concludes that the presence of a spouse at a doctor's appointment is consistent with an intention to keep such communications confidential, and that Ms. Chamlin's communications with her physician in the presence of her husband are therefore privileged. Although Defendants further contend that Plaintiff's willingness to testify at his deposition about the appointment demonstrates that Ms. Chamlin did not intend to keep the conversation confidential, this Court is not persuaded that conduct by *Plaintiff* (who is not the holder of the privilege) is compelling evidence of *Ms. Chamlin's* own intentions.

As to Defendants' second argument, that Plaintiff has put the privileged communications "at issue" in this case, this Court is equally unpersuaded. Essentially, Defendants are making a relevance argument, contending that the communications would tend to undermine Plaintiff's claim that, in his decision to purchase Defendants' product, he relied on the information contained on the product's packaging, and, relatedly, that the labeling was material to his purchase decision. This is insufficient to give rise to an "at-issue" waiver.

First, Defendants cite no law suggesting that a non-party puts her own privileged communications "at issue" simply because her spouse brings a lawsuit, or that a plaintiff who is not the holder of the privilege can put another non-party's privileged communications "at issue," and indeed, case law suggests the opposite. *See, e.g., Windsor Sec., LLC v. Arent Fox LLP,* 273 F. Supp. 3d 512, 518 (S.D.N.Y. 2017) ("New York courts have defined 'at issue' waiver as occurring where *a party* affirmatively places the subject matter of *its own* privileged communication at issue in litigation" (emphasis added)); *Greenberg v. Smolka,* No. 03cv8572 (RWS) (MHD), 2006 WL 1116521, at *6 (S.D.N.Y. Apr. 27, 2006) (in analyzing psychotherapist-patient privilege, noting that the theory of "at-issue" waiver "is premised on the

3

notion that [] *a party* puts into controversy a factual assertion that may be tested only by resort to a communication as to which *that party* maintains a privilege" (emphasis added)).

Second, even if this Court were to determine that, under the law, Plaintiff could put his wife's privileged communications "at issue," he has not done so in this case, as there is no suggestion that, by his pleaded claims, he has raised affirmatively any product recommendation that may have been made by Ms. Chamlin's doctor.  (*See generally* Class Action Complaint, dated Apr. 30, 2019 (Dkt. 1).)  Further, despite his deposition testimony on the subject, Plaintiff has not indicated that he now intends to rely on the doctor's communications in support of any claim that he is raising this case, or to counter any defense being asserted by Defendants.  *See Windsor Sec., LLC,* 273 F. Supp. 3d at 519 ("case law frequently ends the inquiry into 'at issue' waiver once it is established that the party does not intend to use such materials as proof").

While the materials sought by Defendants may contain information *relevant* to Defendants' efforts to challenge the veracity of Plaintiff's assertions of reliance or materiality, relevance alone is not sufficient to justify invasion of privilege.  *Id.* at 518 ("that a privileged communication contains information relevant to issues the parties are litigating does not, without more, place the contents of the privileged communication itself 'at issue' in the lawsuit; if that were the case, a privilege would have little effect" (citation omitted)).  The Court therefore concludes that no "at-issue" waiver has occurred with respect to Ms. Chamlin's privileged medical records.

## **CONCLUSION**

For all of the foregoing reasons, Defendants' motion to compel production of Ms. Chamlin's medical records is DENIED.

Dated: New York, New York
June 23, 2020

SO ORDERED.

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)